IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2270-FL

| ROBERT L. BRICE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| UNITED STATES PAROLE COMMISSION, | ) | |
| Respondent. | ) | |

The matter is before the court on respondent's motion to dismiss, or in the alternative, for summary judgment (DE #7).* Petitioner failed timely to respond, and in this posture the issues raised in respondent' motion are ripe for adjudication. For the reasons that follow, respondent's motion is granted.

## BACKGROUND

On September 11, 2001, petitioner was sentenced by the District of Columbia Superior Court to a term of six months imprisonment, followed by a term of one year of supervised release for the crime of escape. Petitioner began his supervised release on February 13, 2010. On May 27, 2010, the United States Parole Commission ("the Commission") issued a warrant for petitioner's arrest because he violated the conditions of his supervised release. The Commission executed petitioner's warrant on August 23, 2010.

---

* Because the parties attached matters that are outside of the pleadings, respondent's motion will be construed as a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d).

On August 27, 2010, the Commission conducted a probable cause hearing, and found that probable cause existed to believe that petitioner violated the conditions of his supervised release. Petitioner also signed an "Advanced Consent to Expedited Revocation Decision" form indicating that he waived his right to a revocation hearing and accepted revocation of his supervised release and the Commission's decision as a result of the violation. The form also indicated that petitioner agreed to "receive the maximum authorized sanction as a . . . supervised release violator," and that he accepted the decision to "impose the maximum authorized new term of imprisonment."

On October 5, 2010, the Commission issued its decision revoking petitioner's remaining term of supervised release and imposing a term of imprisonment consisting of twenty-four (24) months. The Commission did not impose an additional term of supervised release.

On December 28, 2010, petitioner filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2241, alleging that he should be released on February 12, 2011, because his sentence of twenty-four (24) months exceeds the maximum term for his offense. On February 23, 2011, respondents filed a motion for summary judgment, arguing that petitioner waived his claim. Alternatively, respondent contends that the claim is without merit. Although he was notified of respondent's motion, petitioner failed to respond.

## DISCUSSION

A.     Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact.

2

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B. Analysis

On August 5, 1998, the Commission obtained jurisdiction over District of Columbia Code offenders ("D.C. Code Offenders") to grant and deny parole through the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), Pub.L.No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, D.C. Code § 24-131 (formerly D.C. Code § 24-1231(a)). Effective August 5, 2000, the Commission was given the responsibility of supervising D.C. Code Offender parolees. See D.C. Code § 24-131(a)(2). Additionally, the Revitalization Act vested the Commission with authority over D.C. Code offenders who are on supervised release. Id. § 24-403.01(b)(6) ("Offenders on supervised release shall be subject to the authority of the United States Parole Commission until completion of the term of supervised release.").

If the Commission revokes a D.C. Code offender's supervised release, the Commission has the authority to impose a new term of imprisonment, as well as an additional term of supervised release. See 28 C.F.R. § 2.218(b). The maximum authorized term of imprisonment that the Commission may require the offender to serve, in accordance with D.C. Code § 24-403.01(b)(7) and 28 C.F.R.§ 2.219(a), is determined by reference to the maximum authorized term of imprisonment for the offense of conviction. In this action, the maximum authorized term of imprisonment for petitioner's original conviction for escape is five years. See D.C. Code § 22-2601. Accordingly, the

3

regulations provide that the maximum authorized term of imprisonment at the first revocation of supervised release is two years, or twenty-four (24) months. See 28 C.F.R. § 2.219(a)(3); D.C. Code §§ 24-403.01(b)(7)(C) ("The maximum authorized term of imprisonment at the first revocation shall be . . . [t]wo years, if the maximum term of imprisonment authorized for the offense is 5 years or more, but less than 25 years. . . "). Based upon the foregoing, the Commission acted within its authority when it imposed a twenty-four (24) month term of imprisonment for petitioner's violation of his supervised release. Thus, respondent's motion for summary judgment is GRANTED.

## CONCLUSION

Respondent's motion for summary judgment (DE # 7) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 11th day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

4